IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-830-FDW
(3:89-cr-46-FDW-DSC-1)

| | |
|---|---|
| RUSSELL BRICE HINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Russell Brice Hinson is a North Carolina state court inmate, currently serving a life sentence after being convicted of first-degree murder on December 16, 1993. Petitioner is currently incarcerated at Scotland Correctional Institution in Laurinburg, North Carolina.

Petitioner was indicted in this Court on April 5, 1989, on charges of conspiring and agreeing to threaten and intimidate U.S. Citizens, in violation of 18 U.S.C. § 241 (Count One), and of aiding and abetting in the attempt to intimidate and interfere with a black male occupying a dwelling with a person of another race, in violation of 42 U.S.C. § 3631(b)(1) (Count Two). (Criminal Case. No. 3:89-cr-46-FDW-DSC, Doc. No. 1 at 2). On July 27, 1989, Petitioner pled guilty to Count One, Count Two was dismissed, and this Court sentenced him to a five-year suspended sentence.

On December 16, 1993, Petitioner was convicted of first-degree murder in Union County Superior Court and was sentenced to life imprisonment. On July 28, 1995, the North Carolina Supreme Court affirmed Petitioner's conviction and sentence. State v. Hinson, 341 N.C. 66, 465

S.E.2d 261 (1995). On January 24, 1995, this Court, the Honorable Robert D. Potter, revoked the five-year suspended sentence and sentenced Petitioner to five years' imprisonment, to run consecutive to the state sentence.[1] (Criminal Case. No. 3:89-cr-46-FDW-DSC, Doc. No. 1 at 3).

On around December 3, 2012, this Court received a letter from Petitioner dated November 28, 2012, in which Petitioner states that various state prison officials have told him that the federal sentence was to run at the end of the state sentence. (Doc. No. 1). Petitioner states in the letter that in late 2012 he was informed for the first time that his federal sentence was to run concurrent, rather than consecutive, to the state sentence. (Id. at 2). Petitioner states that the federal detainer "is impeding my eligibility for, and/or acceptance into most rehabilitative programs still offered by North Carolina Department of Correction" and that it "has halted my advancement through the custody levels." (Id.). Petitioner states that he wants to know whether this Court can alter his five-year federal sentence so that it runs concurrent with his state sentence, if it does not already.

A district court may modify a previously imposed sentence only in limited circumstances. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). Section 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except" in three circumstances: (1) "[u]pon motion of the Director of the Bureau of Prisons, [a court] may reduce the term of imprisonment . . . if it finds" special circumstances exist; (2) a court may modify a sentence if such modification is "otherwise expressly permitted by the statute or by Rule 35 of the Federal Rules of Criminal Procedure;" and (3) a court may modify a sentence if "a

---

[1] Petitioner states that in July 1995 he was transferred from Charlotte to a federal prison in Atlanta, was issued a federal prison number, and was then returned to Central Prison in Raleigh.

sentencing range . . . has subsequently been lowered by the Sentencing Commission."[2]  18

U.S.C. § 3582(c).  Petitioner has presented no evidence or argument that any of these

circumstances are present.  Accordingly, the Court may not modify Petitioner's sentence.[3]

Accord United States v. White, Criminal Action No. 04-212, 2011 WL 2531086, at *1 (E.D. La.

June 24, 2011) (denying Petitioner's Rule 35 motion to alter or modify the previously imposed

consecutive sentence and impose a federal sentence concurrent with the state sentence).

On December 13, 2012, the Clerk filed Petitioner's letter dated November 28, 2012, as a

Motion to Vacate brought pursuant to 28 U.S.C. § 2255.  Because Petitioner did not designate

this action as a Section 2255 Motion to Vacate, and because the request in Petitioner's letter is in

the nature of a motion to modify or reduce sentence, the Court will dismiss without prejudice this

action, as it was inadvertently filed as a Section 2255 Motion.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Section 2255 Motion to Vacate, (Doc. No. 1), is **DISMISSED** without

   prejudice;

---

[2] Rule 35 allows a court to correct or reduce a defendant's sentence within 14 days after sentencing in order to correct a sentence that resulted from arithmetical, technical, or other clear error. FED. R. CRIM. P. 35(a).  Defendant filed his motion far outside of the 14-day window for modification under Rule 35(a).

[3] BOP Program Statement 5160.05 does provide a process for a defendant to seek a nunc pro tunc designation by the BOP for service of a federal sentence in a state facility. See U.S. DOJ, Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence (Jan. 16, 2003).  Petitioner may, therefore, request a nunc pro tunc designation from the BOP Regional Inmate Systems Administrator for service of his federal sentence in a state facility. See United States v. Eccleston, CIV04-0250 LH/CEG (D.N.M. Apr. 25, 2007) (finding that movant had not exhausted his administrative remedies with the BOP because he had not shown that he had applied to BOP for designation of a state institution for service of his federal sentence).

2. Defendant's Motion for an Order Modifying Defendant's Federal Sentence is **DENIED**;

3. The Clerk is directed to enter Plaintiff's letter dated November 28, 2012, as a Motion to Reduce Sentence in Petitioner's criminal case. The Clerk is further directed to enter this Order in Petitioner's criminal case as an Order denying Petitioner's Motion for an Order Modifying Defendant's Federal Sentence.

Signed: March 4, 2013

Frank D. Whitney
United States District Judge